# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>          Plaintiff,<br><br>   v.<br><br>P. ROUGE, et al.,<br><br>          Defendants. | Case No. 1:18-cv-00576-LJO-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>(ECF NO. 1)<br><br>TWENTY-ONE DAY DEADLINE |

Anthony Berringer ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 30, 2018. (ECF No. 1). The complaint is awaiting screening.

The Court has reviewed the complaint, and it appears that Plaintiff has failed to exhaust his available administrative remedies. Plaintiff lists three claims in his complaint. For each claim he states that there are administrative remedies available and that he submitted his appeal, but that he did not submit an appeal to the final level. Plaintiff also states that he is currently in the process of exhausting his administrative remedies.

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the administrative process, unless "the relevant

administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." <u>Booth v. Churner</u>, 532 U.S. 731, 736, 741 (2001); <u>Ross v. Blake</u>, 136 S.Ct. 1850, 1857, 1859 (June 6, 2016).

Exhaustion of administrative remedies must occur before the filing of the complaint. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). The Court notes that a dismissal for failure to exhaust is without prejudice. <u>Id.</u>

While there are no "special circumstances" exceptions to the exhaustion requirement, <u>Ross</u>, 136 S.Ct. at 1862, "the [administrative] remedies must indeed be 'available' to the prisoner." <u>Id.</u> at 1856.

Based on the face of Plaintiff's complaint, it appears that Plaintiff failed to exhaust his available administrative remedies before filing this case. Therefore, the Court will order Plaintiff to show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.

Accordingly, based on the foregoing, it is HEREBY ORDERED that within **twenty-one (21) days** from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. Failure to respond may result in dismissal of this case.

IT IS SO ORDERED.

Dated:   **May 22, 2018**              /s/ _Erica P. Grosjean_
                                    UNITED STATES MAGISTRATE JUDGE