# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. ROUGE, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00576-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>(ECF NOS. 1 & 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　Anthony Berringer ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 30, 2018. (ECF No. 1). The complaint is awaiting screening.

　　　The Court reviewed the complaint, and it appeared that Plaintiff failed to exhaust his available administrative remedies before filing suit. Plaintiff listed three claims in his complaint. For each claim he stated that there are administrative remedies available and that he submitted an appeal, but that he did not submit an appeal to the final level. Plaintiff also stated that he is currently in the process of exhausting his administrative remedies.

　　　Accordingly, the Court ordered Plaintiff to "show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies." (ECF No. 7, p. 2). The deadline for filing a response has passed, and Plaintiff has not filed a

response.

42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the administrative process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

Exhaustion of administrative remedies must occur before the filing of the complaint. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Court notes that a dismissal for failure to exhaust is without prejudice. Id.

While there are no "special circumstances" exceptions to the exhaustion requirement, Ross, 136 S.Ct. at 1862, "the [administrative] remedies must indeed be 'available' to the prisoner." Id. at 1856.

Based on the face of Plaintiff's complaint, it appears that there were administrative remedies available to Plaintiff, and that while he was in the process of utilizing those remedies when he filed this case, he had not finished exhausting them before he filed the case. Moreover, Plaintiff failed to respond to the order directing him to show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies. Therefore, the Court will recommend dismissing this case for failure to exhaust administrative remedies. The Court notes that if these findings and recommendations are adopted, Plaintiff may re-file this action once he has exhausted his available administrative remedies.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, because Plaintiff failed to exhaust the available administrative remedies prior to filing this case; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 2, 2018**         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE